# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| PACKLESS METAL HOSE, INC., | § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § | CASE NO. 2:09-CV-265-TJW |
| EXTEK ENERGY EQUIPMENT (ZHEJIANG) CO. LTD., | § § § § | |
| *Defendant*. | § § § § | |

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Before the Court are Defendant Extek's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 11) and Plaintiff Packless Metal Hose, Inc.'s Motion for Sanctions.   (Dkt. No. 30.)   The Court has carefully considered the parties' motions and respective arguments and for the following reasons DENIES Defendant Extek's Motion to Dismiss for Lack of Personal Jurisdiction and CARRIES Plaintiff Packless Metal Hose, Inc.'s Motion for Sanctions.

### II.      Factual and Procedural Background

Plaintiff Packless Metal Hose, Inc. ("Packless") is a company with a place of business in Waco, Texas.   (*See* 1st Am. Comp. at ¶ 1.)   Defendant Extek Energy Equipment (Zhejiang) Co. Ltd. ("Extek") is a Chinese company with its principal place of business in China.   (Dkt. No. 11, at 1.)

Plaintiff Packless makes and sells certain products, including water-source heat pump coils. (1st Am. Comp. at ¶ 5.) Plaintiff is also the owner of United States Patent Nos. 5,409,057 and 5,551,504. (*Id.* at ¶¶ 6-7.) Defendant Extek also makes various types of coaxial coils. (*Id.* at ¶ 11.) Plaintiff brought this lawsuit seeking damages and claiming that Extek offers to sell and/or sells its coil in the United States, and in this District, and that Extek's sale of these coils constitutes infringement of its patents. (*Id.* at ¶¶ 11-13.) Plaintiff is also alleging copyright infringement. (*Id.* at ¶¶ 29-31.)

Defendant Extek brought this motion to dismiss for lack of personal jurisdiction on August 14, 2005. (Dkt. No. 11.) As a result of the statements and allegations in that motion, Plaintiff Packless later filed a motion for sanctions against Extek. (Dkt. No. 30.) This Memorandum Opinion and Order addresses these two motions.

## III.    Discussion

### A.    Applicable Law Regarding Personal Jurisdiction

Federal Circuit law governs the issue of personal jurisdiction in this patent infringement case involving an out-of-state defendant.[1] *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). Personal jurisdiction is appropriate over the defendant if the state's long-arm statute permits the assertion of jurisdiction without

---

[1] The Court observes that the plaintiff's count for copyright infringement is not, however, governed by the law of the Federal Circuit. *Litecubes, LLC v. N. Light Prod., Inc.*, 523 F.3d 1353, 1366 (Fed. Cir. 2008) ("This Circuit 'applies copyright law as interpreted by the regional circuits . . . .'") (citations omitted). Therefore, because the issue of personal jurisdiction with respect to the non-patent count is not intimately linked to patent law, the Court applies the law of the regional circuit—the Fifth Circuit here. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F3d 1194, 1201 (Fed. Cir. 2003). In any event, the conclusion here will be the same under the law of the Fifth Circuit as the law of the Federal Circuit. Like the Federal Circuit, in determining the existence of personal jurisdiction, the Fifth Circuit also considers the "minimum contacts" and "traditional notions of fair play and substantial justice." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).

violating federal due process. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). Texas's long-arm statute reaches to the constitutional limits; therefore, we only ask if exercising jurisdiction over the defendant would offend due process and the jurisdictional analysis under Texas and federal law are the same. *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002). The "constitutional touchstone" for determining whether personal jurisdiction over the defendant would offend due process is "whether the defendant purposefully established 'minimum contacts' in the forum." *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In addition, once the defendant's "minimum contacts" with the forum have been established, the Court must also consider whether the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 466 (citing *Int'l Shoe*, 326 U.S. at 320).

Personal jurisdiction has generally been divided into two categories: general personal jurisdiction and specific personal jurisdiction. General personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003). General personal jurisdiction is not at issue in the present case. To determine whether specific personal jurisdiction exists, however, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns*, 626 F.3d at 1231. The first two elements relate to the requirement of "minimum

3

contacts" and the third element relates to the notion of "fair play and substantial justice." *See id.*;

*Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

Where the parties have not conducted jurisdictional discovery, the plaintiff need only make

a prima facie showing that the defendant is subject to personal jurisdiction. *Silent Drive*, 326 F.3d

at 1201. Under that standard, the pleadings and affidavits are to be construed in the light most

favorable to the plaintiff. *Id.* Where the parties, however, have conducted jurisdictional

discovery, the plaintiff bears the burden of proving by a preponderance of the evidence that

personal jurisdiction exists. *See Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001).[2]

The parties in this case have conducted jurisdictional discovery, so the Court applies the

preponderance of the evidence burden.

**B.    Analysis**

The Court holds, for the following reasons, that the plaintiff has met its burden by a

preponderance of the evidence that specific personal jurisdiction exists in this case. Therefore,

the Court DENIES Defendant Extek's Motion to Dismiss for Lack of Personal Jurisdiction.

---

[2] It is not entirely clear that Federal Circuit law requires the preponderance of the evidence burden. Although *Pieczenik* was determining personal jurisdiction for a patent infringement lawsuit, it was also performing its analysis under a unique New York long-arm statute. *Pieczenik*, 265 F.3d at 1330-1331. Therefore, it is not clear *Pieczenik* was using Federal Circuit law when it stated that when the parties have conducted jurisdictional discovery, the plaintiff bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists. *Id.* at 1334. Indeed, when announcing the preponderance of the evidence standard, the court in *Pieczenik* cited Second Circuit law. Furthermore, not all courts apply the preponderance of the evidence burden after jurisdictional discovery. *See D & S Turbine Int'l, Inc. v. Research Mgmt. Sys., L.C.*, Civ. H-05-2158, 2006 WL 287971, at *2 (S.D. Tex. Feb. 6, 2006) (stating that "[t]he Fifth Circuit, while not directly addressing the issue, has stated that '[w]hen, as here, the district court conducted no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction.'"). In any event, the Court applies the preponderance of the evidence burden in this case and holds that the plaintiff meets that burden, so the plaintiff would surely meet any lower burden that should be applied.

First, Plaintiff has shown by a preponderance of the evidence that Defendant Extek has purposefully directed activities at residents of this forum. Plaintiff provides the declaration of Eric Roberts, who has been the Presisdent at CES Group, Inc. since July of 2008. (Roberts Decl., attached as Ex. A to Plaintiff's Response, Dkt. No. 21, at ¶ 1.) Mammoth Inc. ("Mammoth") is a subsidiary of CES Group. (*Id.*) Mammoth purchases coils (i.e., the alleged infringing product) from Extek and the coils are shipped from China to a Mammoth production facility in Holland, Michigan. (*Id.* at ¶ 3.) The shipments of these coils have been valued at $3,583.50 in 2008, $214,376.80 in 2009, and $274,190.20 through part of 2010. (*Id.* at ¶ 4.) From Mammoth's Michigan facility, these coils are equipped in Mammoth's heat pumps (WSHPs) and sold throughout the United States, including Texas. (*Id.* at ¶ 5.) In 2009 and 2010, 142 infringing coils, incorporated in Mammoth's WSHPs, have been sent to distributers in Texas. (*Id.* at ¶¶ 2, 5, and Ex. 3 attached thereto.) Mr. Roberts even notes that "[a]ccording to our records, one Mammoth 043-sized WSHP, which is equipped with Extek coil ET043SC, has been shipped by Mammoth to a customer in the Eastern District of Texas." (*Id.* at ¶ 6.) In addition, Brad Cambell, former general manager for Mammoth US, declares that he made trips to Extek's factory in China. (Cambell Decl., attached as Ex. D to Plaintiff's Response, Dkt. No. 21.) Through his discussions with a general manager at Extek, Cambell declares that Extek was aware that Mammoth had customers throughout the United States, including Texas. (*Id.* at ¶ 6.) In Extek's reply brief to Plaintiff's response (Dkt. No. 26), Extek refutes little, if any, of the factual allegations made by Plaintiff. Therefore, although Plaintiff shows additional facts to prove Extek purposefully directed activities at this forum, the Court finds the above-mentioned facts are sufficient. Extek purposefully shipped its product to a distributor in the United States with

knowledge that the distributer was selling its product, via Mammoth's WSHPs, in Texas. Therefore, the first prong of the Federal Circuit's specific personal jurisdiction test is met.

Second, Plaintiff easily satisfies the second prong that the claim arises out of or relates to those activities which are purposefully directed activities at residents of the forum. Plaintiff's claims are for patent infringement and copyright infringement, and the accused products are the coils that Extek ships to Mammoth—some of which ultimately arrive in Texas.

Third, and finally, Plaintiff shows by a preponderance of the evidence that the assertion of personal jurisdiction is reasonable and fair. Regarding this factor, the Federal Circuit has noted that "such defeats of otherwise constitutional personal jurisdiction 'are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Akro Corp.*, 45 F.3d at 1549 (citations omitted). Plaintiff Packless is based in Waco, Texas. (*See* Dkt. No. 5, at ¶ 6, Dkt. No. 21, at 5.) The state of Texas has "a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King Corp.*, 471 U.S. at 473 (citations omitted). In addition, as discussed above, Extek had knowledge that some of its coils it shipped to Mammoth's Michigan facility were likely being sent to Texas. Finally, Extek even admits that it shipped free samples of its coils to Trane Commercial Systems in McGregor, Texas. (Dkt. No. 26, at 6.) These facts are sufficient to hold that the third prong of the Federal Circuit's test is satisfied.

**III. Conclusion**

Therefore, for the foregoing reasons, the Court DENIES Defendant Extek's Motion to Dismiss for Lack of Personal Jurisdiction.  In addition, the Court CARRIES Plaintiff Packless Metal Hose, Inc.'s Motion for Sanctions.

It is so ORDERED.

SIGNED this 10th day of February, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE